IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| N.D., A.U., C.K., C.J., M.D., B.A., G.S., T.F., and J.K., disabled minors, through their parents acting as guardians *ad litem*, <br><br> Plaintiffs, <br><br> vs. <br><br> STATE OF HAWAII, DEPARTMENT OF EDUCATION, <br><br> Defendants. <br> _____ | CV. NO. 09-00505 DAE-BMK |

ORDER DENYING PLAINTIFFS' MOTION FOR
TEMPORARY INJUNCTIVE RELIEF

On October 22, 2009, the Court heard Plaintiffs' Motion for

Temporary Injunctive Relief.  Carl M. Varady, Esq., Stanley E. Levin, Esq., and

Susan K. Dorsey, Esq., appeared at the hearing on behalf of Plaintiffs; Attorney

General Mark Bennett and Deputies Attorney General Holly T. Shikada and

Deirdre Marie-Iha appeared at the hearing on behalf of Defendant Department of

Education ("DOE").  After reviewing the motion and the supporting and opposing

memoranda, as well as the arguments presented by counsel at the hearing, the

Court DENIES Plaintiffs' Motion.

BACKGROUND

On September 19, 2009, the Hawaii State Board of Education and the Hawaii Teachers' Association ("HTA") entered into a retroactive contract which required 17 furlough days to be taken from instructional time during the 2009-2010 school year.[1]  The contract was ostensibly reached due to Governor Linda Lingle's effort to balance the state budget in light of the recent economic downturn.

The contract was recently ratified by the HTA.  An altered school calendar was released, identifying Friday, October 23, 2009, as the first of 17 furlough days.  The remaining 16 furlough days are scheduled for Fridays throughout the 2009-2010 school year, but not for holidays or other non-class days ("Furlough Fridays").  The result is that students enrolled in general education classes in standard public schools will attend school for 163 days, rather than 180.

_____

[1]The details of the State furlough decision are gleaned from a similar case that was filed on the same day in this Court, seeking similar declaratory and injunctive relief.  See D.K., et al. v. Linda Lingle, et al., Cv. No. 09-00507. Although the cases were not consolidated, the Court heard oral argument on the two motions for a temporary restraining order at the same time.

The complaint in this case merely refers to the furlough decision.  (Compl. ¶ 24.)  As such, in order to properly describe the circumstances under which this motion was filed, the Court takes judicial notice of the details regarding the furloughs, which appear to be undisputed.  See Reyn's Pasta Bella, LLC v. Visa USA, Inc., 442 F.3d 741, 746 n.6 (9th Cir. 2006).

Plaintiffs are parents of public school students who are receiving special education and related services under the Individuals with Disabilities Education Act (the "IDEA").  Under the IDEA, DOE is required to develop Individualized Education Programs ("IEPs"), which outline the programs and services to be provided throughout the school year.  When Plaintiffs learned of the planned Furlough Fridays, they each filed Due Process Complaints, pursuant to statutory provisions of the IDEA.  At this point, Plaintiffs invoked the protections of 20 U.S.C. § 1415(j), the so-called "stay-put provision," which mandates that students remain in their then-current educational placement during the pendency of the proceedings, including any appeals.

Plaintiffs brought the instant action for declaratory and injunctive relief on behalf of the students, alleging that the Furlough Fridays will reduce the amount of services mandated by their IEPs, in contravention of the IDEA's stay-put provision.

Less than forty hours before the October 23, 2009 first Furlough Friday was to begin, Plaintiffs filed the instant motion for temporary injunctive relief.  (Doc. # 5.)  The motion seeks an order from this Court reinstating all the terms and conditions of the students' IEPs, thereby seeking to prevent DOE from implementing the Furlough Fridays program.  (Motion ("Mot.") at 1.)  Plaintiffs

3

also request that the Court appoint a Special Master, at DOE expense, to assure that

the IEPs are implemented "accurately and promptly."  (Id.)  On October 22, 2009,

DOE filed a consolidated opposition, presenting arguments in response to the

instant motion as well as the similar motion referenced supra, n.1.  (Doc. # 9.)

## STANDARD OF REVIEW

"The standards for granting a temporary restraining order and a

preliminary injunction are identical."  Haw. County Green Party v. Clinton, 980 F.

Supp. 1160, 1164 (D. Haw. 1997); cf. Stuhlbarg Int'l Sales Co. v. John D. Brush &

Co., 240 F.3d 832, 839 n.7 (9th Cir. 2001) (observing that an analysis of a

preliminary injunction is "substantially identical" to an analysis of a temporary

restraining order).  "[I]njunctive relief is an extraordinary remedy that may only be

awarded upon a clear showing that the plaintiff is entitled to such relief."  Winter

v. Natural Resources Defense Council, Inc., 129 S. Ct. 365, 376 (2008).  In order

to obtain a preliminary injunction, the moving party must demonstrate "that he is

likely to succeed on the merits, that he is likely to suffer irreparable harm in the

absence of preliminary relief, that the balance of equities tips in his favor, and that

an injunction is in the public interest."  Id. at 365 (citing Munaf v. Geren, 128 S.

Ct. 2207, 2218-19 (2008); Amoco Prod. Co. v. Gambell, 480 U.S. 531, 542 (1987);

Weinberger v. Romero-Barcelo, 456 U.S. 305, 311-12 (1982)); see also Stormans,

4

Inc. v. Selecky, 571 F.3d. 960, 978 (9th Cir. 2009) (applying heightened standard

mandated by Winter).[2]

## DISCUSSION

Applying the four-part test of Winter, this Court determines that

Plaintiffs have failed to make the necessary showing to secure a temporary

restraining order.  In the first instance, the Court notes that not every failure to

provide services according to a student's IEP amounts to a violation of the IDEA.

In fact, the Ninth Circuit recently held that only "a material failure to implement an

IEP violates the IDEA."  Van Duyn ex rel. Van Duyn v. Baker School Dist. 5J, 502

F.3d 811, 822 (9th Cir. 2007). (emphasis in original).  "A material failure occurs

when there is more than a minor discrepancy between the services a school

provides to a disabled child and the services required by the child's IEP."  Id.

Although the Court recognizes that Furlough Fridays constitute an affirmative,

---

[2]     In their moving papers, Plaintiffs cite several cases decided prior to the
Supreme Court's decision in Winter, asking this Court to apply the sliding scale
analysis previously used by the Ninth Circuit in determining whether injunctive
relief is appropriate. The Ninth Circuit has recently emphasized that the sliding
scale, or continuum, analyses are no longer controlling to the extent that they
suggest a lesser standard.  See Am. Trucking Assocs., Inc. v. City of Los Angeles,
559 F.3d 1046, 1052 (9th Cir. 2009).  Indeed, the Ninth Circuit's most recently
published cases underscore the requirement of Winter's four-prong test.  See Sierra
Forest Legacy v. Rey, 577 F.3d 1015, 1021 (9th Cir. 2009); Stormans, 571 F.3d at
977-78; Marlyn Nutraceuticals, Inc. v. Mucos Pharma GMGH & Co., 571 F.3d
873, 877 (9th Cir. 2009).

conscious action on the part of DOE, it remains to be seen whether the 17-day cut will amount to a material failure, especially for those students who may be able to receive the same amount of special education and related services required by their IEP in a shortened 4-day week.

Even assuming *arguendo* that Plaintiffs could demonstrate a likelihood of success on the merits, however, this Court finds that the balance of the equities tips sharply in favor of DOE. In assessing a motion for injunctive relief, this Court must "'balance the competing claims of injury and must consider the effect on each party of the granting or withholding of the requested relief.'" Winter, 129 S. Ct. at 376 (quoting Amoco Prod. Co. v. Village of Gambell, AK, 480 U.S. 531, 542 (1987)).

Although the Court understands the concerns that educators and parents share regarding the education of this State's children, a restraining order would not be a simple solution. A temporary restraining order from this Court would require DOE to inform and mobilize in excess of 185,000 students and tens of thousands of teachers, administrators, and staff, all within less than seventeen hours. Such a request is logistically impossible and would inevitably lead to chaos and confusion. The Court does not believe such hasty response would benefit the students in any discernable way. Indeed, in the case of students with disabilities, a

6

quickly thrown-together plan may cause more harm than good.   Thus, although the public certainly shares a profound interest in the education of its children, the Court finds that issuing a temporary restraining order requiring schools to open tomorrow would constitute an unrealistic and undue burden on DOE.  See <u>Stanley v. Univ. of S. Cal.</u>, 13 F.3d 1313, 1320 (9th Cir. 1994) (mandatory injunction, as in the case here, is "particularly disfavored" and "the district court should deny relief unless facts and the law clearly favor the moving party") (internal quotations omitted).

      Accordingly, this Court DENIES Plaintiffs' motion for temporary injunctive relief.

<u>CONCLUSION</u>

      For the reasons stated above, the Court DENIES Plaintiffs' motion for temporary injunctive relief.

      IT IS SO ORDERED.

      DATED:  Honolulu, Hawaii, October 22, 2009.



                                      _____
                                      David Alan Ezra
                                      United States District Judge

<u>D.K. and A.K., et al. v. Lingle, et al.</u>, Civ. No. 09-00507; ORDER DENYING PLAINTIFFS' MOTION FOR A TEMPORARY RESTRAINING ORDER

7