# UNITED STATES DISTRICT COURT

# DISTRICT OF HAWAIʻI

| | |
|---|---|
| N. D.; A. U.; C. K.; C. J.; M. D.; B. A.; G. S.; T. F.; J. K., disabled minors, through their parents acting as guardians ad litem,<br><br>        Plaintiffs,<br><br>    v.<br><br>STATE OF HAWAIʻI DEPARTMENT OF EDUCATION,<br><br>        Defendant. | No. CV 09-00505 AWT/BMK<br><br><br>MEMORANDUM OPINION<br>  AND ORDER |

Pending before the court are:  (1) plaintiffs' motion for declaratory and permanent injunctive relief; and (2) defendant's motion to dismiss or, in the alternative, for summary judgment.  The motions have been fully briefed and argued.

## BACKGROUND

This action arises out of the so-called "furlough Fridays" during the 2009-2010 school year.  During that year, due to budgetary constraints, defendant Department of Education (after negotiating and reaching an agreement with the Hawaiʻi State Teachers Association) declared and established 17 Fridays

throughout the school year during which all public schools in the state[1] would be closed and teachers and other staff would not be paid.

Plaintiffs filed this action alleging two claims in their first amended complaint ("FAC"):  The First Cause of Action alleges that defendant violated the "stay-put" provision of the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1415(j), by failing to maintain plaintiff-students in their current educational placements as set forth in their individual educational placement ("IEP") during the 2009-2010 school year when plaintiffs challenged the furlough Friday program by requesting due process hearings under IDEA and invoking the "stay-put" provision.

The Second Cause of Action alleges that the furlough Friday program, which shortens the school year from 180 days to 163 days, violates the Hawaiʻi Administrative Procedure Act ("HAPA") because it is a "rule," as defined in HAPA, Hawaii Rev. Stat. § 91-1(4), and was adopted without complying with HAPA's notice-and-comment procedures.

The FAC seeks permanent injunctive and declaratory relief.  Concurrently with the filing of the original complaint, plaintiffs also filed a motion for a

---

[1]      Hawaiʻi is a unitary educational state in which all public schools are directly administered by the state Department of Education.

temporary restraining order ("TRO") and preliminary injunction.  On October 22, 2009, the court denied a TRO.  On November 9, 2009, the court denied the a preliminary injunction.[2]  That denial was affirmed on interlocutory appeal.  *See N.D. v. Hawai'i Dep't of Educ.*, 600 F.3d 1104 (9th Cir. 2010).

## FIRST CAUSE OF ACTION

In their first cause of action, plaintiffs allege that defendant violated the "stay-put" provision of IDEA, 28 U.S.C. § 1415(j), by failing to maintain plaintiff-students in their current educational placements as set forth in their respective IEPs during the 2009-2010 school year.  When plaintiffs challenged the furlough Friday program, they requested due process hearings under IDEA and invoked IDEA's stay-put provision.  As noted above, the court denied plaintiffs' motion for a preliminary injunction predicated on this claim.  The Ninth Circuit, in affirming that denial, addressed this precise issue.  It held:

> We agree with the district court that the stay-put provision of the IDEA was not intended to cover system-wide changes in public schools that affect disabled and non-disabled children alike, and that such system-wide changes are not changes in educational placement.

---

[2]     This case was originally assigned to Judge Ezra who ruled on the TRO.  Before the hearing on plaintiffs' motion for a preliminary injunction, the case was reassigned to the undersigned.

*N.D.*, 600 F.3d at 1108.  Expanding on this holding later in its opinion, the court

further explained:

> [W]e hold that "educational placement" means the general educational
> program of the student.  More specifically, we conclude that under the IDEA
> a change in educational placement relates to whether the student is moved
> from one type of program–i.e., regular class–to another type–i.e., home
> instruction. . . .
>
> Following this definition, Hawaii's teacher furloughs and concurrent
> shut down of public schools is not a change in the educational placement of
> disabled children.  Similar to the children in *Concerned Parents [& Citizens
> for Continuing Educ. at Malcolm X (PS 79) v. New York City Bd. of Educ.*,
> 629 F.2d 751 (2d Cir. 1980)], the children here stay in the same
> classification, same school district, and same educational program.  The
> children have not been reclassified with different handicaps.  The children
> continue to attend the same school, have the same teachers, and stay in the
> same classes.  The educational setting of the disabled childres remains the
> same post-furloughs.
>
> When Congress enacted the IDEA, Congress did not intend for the
> IDEA to apply to system wide administrative decisions.  Hawaii's furloughs
> affect all public schools and all students, disabled and non-disabled alike.
> An across the board reduction of school days such as the one here does not
> conflict with Congress's intent of protecting disabled childres from being
> singled out.  In comparison to cases in which a child is singled out in
> relation to her peers, the furlough days do not remove the plaintiffs from the
> regular classroom setting anymore than they do the other children.  Disabled
> childres are not singled ouiot for furlough days. To the extent possible under
> the new school calendar, the disabled children are still "mainstreamed" with
> regular children at school.  To allow the stay-put provisions to apply in this
> instance would be essentially to give the parents of disabled children veto
> power over a state's decisions regarding the management of its schools.  The
> IDEA did not intend to strip administrative powers away from local school
> boards and give them to parents of individual children, and we do not read it
> as doing so.

*Id.* at 1116-17.  This holding of the Ninth Circuit is the law of the case, as well as the law of the Circuit and controls here.  Plaintiffs' attempts to narrow it or to explain it away are to no avail.  Under this law, it is clear that defendant is entitled to summary judgment on plaintiffs' first cause of action.

## SECOND CAUSE OF ACTION

Plaintiffs' second cause of action alleges that defendant failed to comply with Hawai'i state law – HAPA – in adopting the furlough Friday program.  To this claim, defendant has pleaded its sovereign immunity under the Eleventh Amendment.  Perhaps because its merit is self-evident, plaintiffs have made no argument contesting the applicability of the Eleventh Amendment to this claim.  Given that this defense is uncontested, the court grants defendant motion to dismiss plaintiffs' second cause of action.

## OTHER ARGUMENTS

Both in their memoranda and at oral argument, plaintiffs raised a number of arguments on claims and contentions that are not embraced by the allegations of the FAC.  For example, they seek a declaratory judgment and permanent injunctive relief that they have been deprived of a free and appropriate public education; yet,

such a claim is nowhere alleged in the FAC.[3]  It is now too late in the day to start asserting new claims.  As the Ninth Circuit recently repeated, "Simply put, summary judgment is not a procedural second change to flesh out inadequate pleadings."  *La Asociacion De Trabajadores De Lake Forest v. City of Lake Forest*, 2010 WL 4146114, at *5 (9th Cir. 2010) (quoting *Wasco Prods., Inc. v. Southwall Techs., Inc.*, 435 F.3d 989, 992 (9th Cir. 2006)).

## CONCLUSION

For the foregoing reasons, **it is ordered:**

1.      Defendant's motion for summary judgment is **GRANTED** with respect to plaintiffs' First Cause of Action.

2.      Defendant's motion to dismiss is **GRANTED** with respect to plaintiffs' Second Cause of Action.

3.      Plaintiffs' motion for declaratory and permanent injunctive relief is **DENIED.**

4.      Judgment shall be entered consistent with this order.

> */s/  A. Wallace Tashima*
> A. WALLACE TASHIMA
>  United States Circuit Judge
>  Sitting by designation

---

[3]      As for their requests for compensatory education, that is a subject more appropriately dealt with in the individual actions for judicial review of the administrative determinations made after each due process hearing.